# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEL NIKOLAYCHUK,<br><br>    Plaintiff,<br><br>    v.<br><br>HOME DEPOT U.S.A., INC., a corporation; THE HOME DEPOT, a corporation; THE HOME DEPOT PRODUCT AUTHORITY, LLC, a corporation; and DOES 1 THROUGH 100, Inclusive,<br><br>    Defendants. | Case No. 3:17-cv-02540-W-NLS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO AMEND SCHEDULING ORDER**<br><br>[ECF No. 22] |

Before the Court is the parties' joint motion to amend the scheduling order to permit additional time for expert discovery in light of recent deposition testimony raising concerns over the development of arthritis. ECF No. 22. The parties also explain they are discussing settlement and desire to avoid unnecessary expert fees if possible. *Id.* The parties request all expert and pretrial deadlines be continued by 21 days. *Id.*

Trial courts "set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties." *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060, 1062 (9th Cir. 2005). "Courts set such schedules to permit the court and the parties to

-1-      Case No. 3:17-cv-02540-W-NLS

deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Id.* A request to modify the scheduling order is governed by Federal Rules of Civil Procedure 16(b)(4) and "may be modified only for good cause and with the judge's consent." The good cause standard articulated in Rule 16 focuses on the diligence of the party seeking to amend the scheduling order, and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. ... If that party was not diligent, the inquiry should end.") (citing *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D.Me.1985)). The district court may amend the scheduling order if it "cannot be met despite the diligence of the party seeking the extension." *Id.* (citing Fed. R. Civ. P. 16 Advisory Committee Notes).

The court finds good cause to **GRANT IN PART** the parties' request to permit some time for settlement discussions in advance of expert discovery. However, the court will not alter the pre-trial motion filing date, or any subsequent pre-trial deadlines. The pretrial motion deadline ensures there is adequate time to address any substantive motion filed by the parties in advance of the pre-trial conference. The parties have not presented sufficient good cause to alter either the motion filing or pre-trial conference dates, and so the court will modify only the expert discovery dates. The parties must plan accordingly to complete expert discovery in this timeframe.

The Scheduling Order is modified as follows:

1. The deadline to comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Fed. R. Civ. P. is **October 19, 2018.**

2. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **November 9, 2018**.

3. Expert discovery shall be completed by all parties by **November 30, 2018**.

1     4. All other dates and deadlines remain as set in the Scheduling Order, ECF No. 15.

**IT IS SO ORDERED.**

Dated: September 25, 2018

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge